SMITH RAYNER *vs.* THE STATE OF MARYLAND.

*Question whether a Writ of Error will lie to Review the judg-*
*ment of a Justice of the peace Affirmed on appeal to the*
*Circuit Court, where the Circuit Court has acted in the exer-*
*cise of a Special jurisdiction—Effect of a judgment of the*
*Circuit Court rendered within the limits of a Special jurisdic-*
*tion—Right of the party in such case to an Appeal or Writ of*
*Error, if he had applied for a Writ of Certiorari, upon the*
*specified ground of the Unconstitutionality of the Statute con-*
*ferring the jurisdiction—Effect of the Statute giving an*
*appeal to the Circuit Court from the judgment of a magis-*
*trate, upon the right of the party to a writ of Certiorari*
*for the purpose of testing the Validity of the statute.*

The plaintiff in error was charged before a justice of the peace with
a violation of the provisions of the Act of 1872, ch. 198, and the
amendments thereto contained in the Act of 1878, ch. 502. The
statute by express terms gave the right of appeal from the judg-
ment of the justice to the Circuit Court, without giving any right
of appeal to the Court of Appeals. The judgment of the justice
being against the plaintiff in error, whereby he was fined and his
boat and nets confiscated, he took an appeal to the Circuit Court,
and gave bond to prosecute that appeal with effect or to abide a
judgment of affirmance. On a writ of error it was HELD:

1st. That having invoked that jurisdiction, and submitted himself to
it, and the case having been regularly tried, he had no redress by
an appeal or writ of error to this Court.

2nd. That although the Circuit Court in hearing and adjudicating
upon the appeal, was not in the exercise of its ordinary common
law jurisdiction, but was acting as a Court of special jurisdiction,
bound to observe and conform to the provisions of the statute, its
judgment rendered within the limits of the special jurisdiction
conferred, was not only binding but final, and this Court has no
power to review it.

3rd. That if, instead of the appeal under the statute the party had ap-
plied for the writ of *certiorari* upon the specified ground of the

unconstitutionality of the statute, and the consequent want of power and jurisdiction of the magistrate to proceed under it, the Circuit Court would then have been in the exercise of its ordinary common law jurisdiction, and from its judgment in the premises a writ of error or an appeal could have been prosecuted to this Court.

4th. That the fact that the statute gives an appeal to the Circuit Court from the judgment of the magistrate, does not take away or deprive the party of the benefit of a *certiorari* for the purpose of having decided the question of the power and jurisdiction of the magistrate, though the writ will not be granted to bring up the case on its merits as distinguished from the question of jurisdiction where an appeal is given.

WRIT OF ERROR from the Circuit Court for Charles County.

The plaintiff in error was charged before a justice of the peace of Charles County, on the oath of William S. Chiles, Deputy Commander of the Fishery Force, with a violation of the provisions of the Act of 1872, ch. 198, and the amendments thereto passed at January session, 1878, ch. 502, by fishing a trap or net of less than three inches mesh, and without having any license, near the mouth of Port Tobacco creek, a tributary of the Potomac River, between Maryland Point in Charles County and Chiseldine Island in St. Mary's County; said trap or net being so placed as to obstruct the passage of fish to the head waters of said Port Tobacco Creek, and said appellant not being a *bona fide* citizen of Charles County.

At the trial before the justice the plaintiff in error was found guilty and fined, and his boat and nets were confiscated. On appeal the judgment was affirmed by the Circuit Court, whereupon the party convicted applied for a writ of error.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and IRVING, J.

24                    v. 52.

*Frank H. Stockett,* for the plaintiff in error.

The justice of the peace, and consequently the Circuit Court, sitting as an Appellate Court, had no jurisdiction in the case, because the Acts of 1872, chap. 198, and 1878, chap. 502, under which these proceedings were conducted, are unconstitutional, inoperative and void, for the following reasons:

The first section of Act of 1872, chap. 198, as amended by 1878, chap. 502, is clearly unconstitutional, because it restricts the right of fishery in a part of the Potomac river to a very small minority of the people of the State, and deprives the very large majority of that right. The right of fishing in the waters of the State belongs to the whole people, and cannot be made the exclusive privilege of a few. 3 *Kent Com.,* 418; *Browne vs. Kennedy,* 5 *H. & J.,* 195 ; *Phipps vs. State,* 22 *Md.,* 380 ; *Martin vs. Waddell,* 16 *Peters,* 368, 410–12 ; *Arnold vs. Mundy,* 1 *Halsted,* 1 ; *Weston vs. Sampson,* 8 *Cush.,* 347.

The 2nd section of the Act of 1872, as amended by 1878, chap. 502, and also the 2nd section of the Act of 1878, are inoperative, because the State of Virginia has never assented to said Acts or passed any similar laws, and the burden of proof is upon the State. *State vs. Hoofman,* 9 *Md.,* 28 ; *Compact of* 1785, *chap.* 1, (2 *Kilty's Laws.*)

The 4th section of the Act of 1878, is somewhat confused in its phraseology. It is an additional section added to the Act of 1872, and to make it intelligible when taken in connection with the first section of the Act, it must mean that the *bona fide* citizens of Charles County are prohibited from fishing with a trap or pound net near enough to the mouth of the tributaries to prevent the free passage of the fish.

- This section, to make sense, must be read and construed with the first section, and is inseparably connected with it. It prohibits *all persons* from fishing the trap or pound net near the *mouth of the tributaries,* and then makes an

exception in favor of citizens of Charles County. This section is liable to the same objection to which the first section is liable. If the right of fishing in the public navigable waters of the State resides in the people at large, and no exclusive monopoly of this right can be granted to a few, certainly the *mode* of exercising this common right of fishery must be equally the common right of the whole people of the State. It would hardly do to say that the citizens of Charles should fish with trap or pound nets, while the rest of the State were restricted to hook and line. This section applies to trap or pound nets, *without* as well as *within* the tributaries of the Potomac, and for those *without* the mouths of *the* tributaries and on the Potomac, the same objection exists that does to the second section, to wit, the State of Virginia has not assented to the Act or passed any similar law.

By the ninth section of the original Act, the *attempt* to violate the provisions of that law is made a misdemeanor. By necessary implication the consummated act must necessarily be a misdemeanor also. The attempt must *precede* the wilful act. The word *attempt* means to try to undertake. No one ever did or will fish in the Potomac with trap or pound net who did not try to do it. Any one, therefore, who does violate the provisions of this law has attempted it, and is therefore guilty of a misdemeanor.

A misdemeanor is a crime. In fact they are synonymous terms. 4 *Black. Comm.*, 4, 5.

And the person guilty of a misdemeanor is guilty of a crime. A prosecution under this Act is therefore a criminal prosecution, and the accused is entitled to claim the benefit of the 21st section of the Bill of Rights. *Ford vs. State,* 12 *Md.,* 514, 549; *Grove vs. Todd,* 41 *Md.,* 641.

It is true that by the Act the accused has the right to appeal to the Circuit Court from the judgment of the justice of the peace, and on such appeal he has the right of trial by jury, but he is only given the right of a jury trial

on his *second trial* and *not on his first;* but the 21st section
of the Bill of Rights, secures to the accused a jury *on his
first trial,* and any Act of Assembly that attempts to take
away that right is void.    The Bill of Rights only contem-
plates *one trial.*

In the case of *State vs. Mister,* 5 *Md.,* 11, no question
was raised as to the constitutionality of the law, but that
case, as well as the case of *State vs. Mace,* 5 *Md.,* 337,
recognizes the law to be that if the Circuit Court had no
authority by law to revise the decision of the justice, an
appeal would lie to this Court.    See also—*Cole vs. Hynes,*
46 *Md.,* 181; *Herzberg vs. Adams,* 39 *Md.,* 309.

Now, an unconstitutional or inoperative Act of Assembly
is no *law at all.*    It can give no right of appeal to the Cir-
cuit Court, and the Circuit Court cannot rightfully enter-
tain such an appeal, and its judgment on such an appeal
being unwarranted by law, is subject to revision in this
Court.

*Charles J. M. Gwinn, Attorney-General,* for the defend-
ant in error.

The Acts of 1872, ch. 198, and 1878, ch. 502, are not
unconstitutional, inoperative or void. . They do not de-
prive a person, charged with violating any of their pro-
visions, of the right to a jury trial.    It is expressly pro-
vided by the 6th section of the Act of 1872, ch. 198, that,
in all cases arising under the Act, there might be an
appeal to the Circuit Court for Charles County, subject to
the law governing other cases of appeals from the deter-
minations of justices of the peace; and under section 50
of Article 5 of the Code of Public General Laws, the
appellant had a right to appeal to the Circuit Court for
Charles County, and in such Court might have obtained,
if he had seen proper to do so, the benefit of a jury trial.

It was not necessary that the appellant should have
been arrested upon a warrant issued by a justice of the

peace of Charles County, because the 5th section of the Act of 1872, ch. 198, authorized the arrest of a person offending against the provisions of the Act *without a warrant*. He could have been arrested without a warrant, when found committing the offence, even if the Act of 1872, chap. 198, had made no such provision. *Derecourt vs. Corbishley*, 5 *Ellis & Black*, 188, (85 *E. C. L. Rep.*, 192.)

When the offender was arrested and brought before the justice of the peace, the case was triable before such justice, upon the information upon oath given to such justice. *Act of* 1872, *ch.* 198, *sec.* 4.

The appellant could have obtained, if he had so pleased, a copy of the information upon which the proceedings in the case were grounded. The record does not show that he made application for a copy of such paper, and that it was refused to him. The record, therefore, does not show any infringement of the rights secured to the appellee by the 21st Article of the Bill of Rights.

The appellant did not demand a trial by jury, but submitted to a trial before the Circuit Court for Charles County, upon his appeal to that Court. He therefore waived his right to trial by jury, and submitted his case to the Court.

It appears by the judgment of the Circuit Court for Charles County, given in this case, that the particular locality in which the offence charged was committed, was Port Tobacco creek, one of the tributaries of the Potomac river, between the points named in section 1 of the Act of 1878, chapter 502, and within the limits of Charles County.

As it is alleged in the affidavit, on which the plaintiff in error was held for trial, that he was not a citizen of Charles County, and as it is not shown in the record that he was a citizen of any other county or municipal division of this State, or of Virginia; and as the offence appears

to have been committed within the limits of Charles
County, neither the jurisdiction of the justice, nor the
jurisdiction or judgment of the Circuit Court for Charles
County can be impeached. It must be intended, if need
be, that the appellee was not a citizen of Virginia or of
Maryland, and that the justice and Circuit Court for
Charles County had respectively jurisdiction of the offence;
for it clearly appears, from the tenth Article of the com-
pact between Maryland and Virginia, (*Md. Act*, 1785, *ch.*
1; *Code of Virginia*, 1873, *pages* 110, 111,) that offences
committed within the limits of any Maryland County, or
committed upon the Potomac river, by persons not citi-
zens of either State, were triable in the county into which
such offenders were first brought.

The State of Maryland is the owner of all the beds of
all tide-waters within its jurisdiction, except to the extent
to which it has seen proper to alienate such ownership.
*McCready vs. Virginia*, 94 *U. S.*, 394. It had the power,
as such owner, to appropriate such tide-waters and their
beds to the common benefit of its whole people, or to
grant the exclusive use of part of this property to certain
of its citizens only. 94 *U. S.*, 396.

ALVEY, J., delivered the opinion of the Court.

The first question to be determined is, whether this
case is properly before us. The statute under which the
proceeding originated before the justice of the peace gave
the right of appeal to the Circuit Court for Charles County
(Act of 1872, ch. 198, sec. 6,) and from the judgment of
the latter no appeal or writ of error will lie to this Court,
unless expressly given by statute. It is only where the
Circuit Court has proceeded without right or jurisdic-
tion to hear and decide the case that an appeal or writ of
error may be taken to this Court to reverse the judgment
thus unwarrantably rendered. But here the statute,
under which the proceedings were taken, by express

terms, gave the right of appeal from the judgment of the justice to the Circuit Court, without giving any right of appeal to this Court. The judgment of the justice being against the present plaintiff in error, whereby he was fined and his boat and nets were confiscated, he took the appeal to the Circuit Court, and gave bond to prosecute that appeal with effect, or to abide the judgment of affirmance. Having invoked that jurisdiction and submitted himself to it, and the case having been regularly tried, he has no redress by an appeal or writ of error to this Court. If the Circuit Court had power and jurisdiction, under the appeal taken, to revise and reverse the judgment of the justice, either for the want of jurisdiction in the justice or upon other grounds, it had right and jurisdiction to affirm the judgment of the justice, and that judgment of affirmance must be taken as final and conclusive, as the judgment of reversal would have been, if such judgment had been rendered. There is no pretence but that the case was properly before the Circuit Court on the appeal, and that it was regularly tried; but it is insisted that the statutes under which the proceedings were taken are, in several of their provisions, unconstitutional and void, and therefore there was no jurisdiction either of the justice or the Circuit Court to try and decide the case. But, whatever may be thought of the particular provisions of the statute supposed to be obnoxious to constitutional objections, and if the objections were conceded to be well taken, it does not follow that the right of appeal was not well and validly given, and that the Circuit Court would not have power and jurisdiction to hear and decide the case. It is true, the Circuit Court in hearing and adjudicating upon the appeal was not in the exercise of its ordinary common law jurisdiction, but was acting as a Court of special limited jurisdiction, bound to observe and conform to the provisions of the statute, if, in its judgment, the statute was válid. Its judgment, however, rendered within

the limits of the special jurisdiction conferred, is not only binding, but is final.  This Court has no power to review it, and consequently the assignment of errors must be dismissed.  The cases of the *State vs. Mister*, 5 *Md.*, 11, and *State vs. Bogue*, 5 *Md.*, 352, following the previous cases of *Wilm. & Susq. R. Co. vs. Condon*, 8 *Gill & J.*, 443, and *Webster vs. Cockey*, 9 *Gill*, 92, are in all respects conclusive of this.  See also *Hough vs. Kelsey & Gray*, 19 *Md.*, 451.

If the judgment of the Court below had been rendered without power or jurisdiction to hear and decide the case; for instance, if the appeal had not been authorized by law, or if judgment had been rendered against the party in his absence and without legal notice, or opportunity of defending himself or asserting his rights, or the Court had, in the rendition of its judgment, transcended the limited jurisdiction conferred upon it; in all such cases the party prejudiced by the judgment would have had the right of appeal.  In other words, there would have been a want of jurisdiction in the Circuit Court to render the judgment, and for that reason the right of review would exist.  But all these instances, where the right of appeal has been sustained, are clearly distinguishable from the present case, where no such defect of jurisdiction exists.

It has been urged that, as the rights of personal liberty and of private property are involved, it would be a strange defect of the law, and a great hardship, if the party be denied the right of resorting to this Court to have the question of the constitutionality of the statute, under which it is supposed his rights have been unjustifiably invaded, finally decided.  But, though the party may be denied the right of such resort in the mode and under the circumstances of this case, it does not follow that the law denies to a party feeling himself aggrieved the means of reaching this Court, on such a question, by the proper proceeding.  If, instead of the appeal under the statute,

Rayner *vs.* State.

the party had applied for the writ of *certiorari*, upon the specific ground of the unconstitutionality of the statute, and the consequent want of power and jurisdiction of the magistrate to proceed under it, the Circuit Court then would have been in the exercise, not of the special limited jurisdiction, but of its ordinary common law jurisdiction; and from its judgment in the premises a writ of error or an appeal could have been prosecuted to this Court. *Hall vs. The State*, 12 *Gill & J.*, 329; *Swann vs. Mayor, &c., of Cumberland*, 8 *Gill*, 150, 155. And the fact that the statute gives an appeal to the Circuit Court from the judgment of the magistrate does not take away or deprive the party of the benefit of a *certiorari* for the purpose of having decided the question of the power and jurisdiction of the magistrate, though the writ will not be granted to bring up the case on its merits, as distinguished from the question of jurisdiction, where an appeal is given. 2 *Bac. Abr., tit. Certiorari*, 165, 177; *Rex vs. Morley*, 2 *Burr.*, 1040, 1042; *Rex vs. Whitbread*, 2 *Doug.*, 549; *Rex vs. Abbott, Ib.*, 553; *Rex vs. Jukes*, 8 *T. Rep.*, 542, 544.

As we have already said, the case not being properly before this Court, the assignment of errors, made under Rule 1, respecting the right of appeal, (29 *Md.*, 1,) must be dismissed.

*Dismissed accordingly.*

(Decided 15th July, 1879.)