(Decided 30th April, 1891.)

JOHN GLENN, Trustee of the NATIONAL EXPRESS, AND TRANSPORTATION COMPANY *vs.* LAURA V. REID, and others. SAME *vs.* SAME.

*Who may not Appeal—Letters of Administration—Renunciation by Widow and Children—Who is not Entitled to Administer under sec. 30 of Art. 93, of the Code.*

A petition was filed in the Orphans' Court by G. trustee of the National Express and Transportation Company, alleging that he was creditor of the estate of R., deceased, by virtue of a decree of the Chancery Court of the City of Richmond, Virginia, by which an assessment had been levied on the stock in said company, in which R. was a stockholder, and which assessment he was directed by the decree to collect. Upon this petition letters of administration upon the estate of R. were granted to W.

Upon petition of the widow and children of R. and upon answer thereto by W. and after hearing by the Court, the letters to W. were revoked. From the order of revocation G. appealed. HELD:

That the appeal must be dismissed, it not appearing that G. had any interest in the matter of the order appealed from, or that he had been injured thereby.

Where the widow and children of an intestate, have, by a declaration in writing, renounced all right to administer on the estate of the deceased, they cannot afterwards withdraw this declaration; and letters of administration may be granted at the discretion of the Orphans' Court.

A party claiming as trustee, and not in his individual capacity, to be the largest creditor of an intestate's estate, is not entitled to letters of administration under section 30 of Article 93 of the Code.

APPEALS from the Orphans' Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*George G. Carey, Jr.,* and *Charles Marshall,* for the appellant.

*J. Alexander Preston,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This case presents two appeals from the Orphans' Court of Baltimore City by John Glenn, trustee of the National Express and Transportation Company. The first is from an order of the Court passed on the 5th day of November, 1890, revoking letters of administration granted to A. Robinson White on the estate of John O. Reid, deceased. The appointment was made on the 11th

day of February, 1885, upon petition filed by John Glenn, trustee, as aforesaid, alleging that he, Glenn, was a creditor of the estate of the said Reid, by virtue of a decree of the Chancery Court of the City of Richmond, by which an assessment had been levied on the stock of the said company, in which said Reid was a shareholder, and which assessment he was directed by the decree to collect. The order revoking letters of administration to White was passed after a hearing by the Court, upon petition of the widow and all of the children of said Reid, deceased, and upon answer thereto by A. Robinson White, administrator. The petition represented that the widow and children had renounced their right to administer on the estate of said Reid, and that on the 5th of February, 1890, the Orphans' Court had appointed J. Alexander Preston, at their request, administrator of said estate.

We do not therefore, deem it necessary to express any opinion as to the propriety of this appointment, nor to the action of the Orphans' Court in making it, because the appeal must be dismissed for reasons apparent upon the face of the record. The appeal is taken by John Glenn, trustee, and it is apparent that he has no such interest in the subject-matter of the order or decree as entitles him to a standing in this Court. Nor does it appear that he has been in any way injured by the order appealed from.

Parties asking a reversal of an order of the Orphans' Court must appear to have an interest in the subject-matter of the decree, or decision appealed from, or to have been injured by the order appealed from. *Cecil vs. Cecil, et al.,* 19 *Md.,* 76; *Parker and Wife vs. Gwynn,* 4 *Md.,* 423.

For these reasons the first appeal in this case will be dismissed.

The second appeal is based upon an order of the Court passed on the 12th day of November, 1890, appointing J. Alexander Preston, Esq., administrator of said estate

in the place of White whose letters had been revoked. The facts as disclosed by the record are these: John Glenn, trustee of the National Express and Transportation Company after the revoking of the letters granted to White, filed an amended and supplemental petition to the one previously filed by him, claiming that letters of administration should be granted to him as the largest creditor, under section 30, of Article 93 of the Code, and representing that all of the relations of the said Reid, who had the legal right to administer the estate, had renounced the same. To this petition the widow and the children of John O. Reid, deceased, filed an answer which denied that said Glenn was a creditor of said estate, but charged that he was a debtor, and that even if the widow and children were not entitled, then under section 31, of Article 93 of the Code, administration should be granted at the discretion of the Court. It is clear, we think, that the wife and children of John O. Reid, deceased, had by a declaration in writing renounced all their right, title and claim to administration, and the Orphans' Court had full power to proceed as if they were not entitled. And that this declaration could not afterwards be withdrawn, is established by the cases of *Carpenter vs. Jones, et al., Adm'rs*, 44 *Md.*, 626; *Pollard, Adm'r vs. Mohler*, 55 *Md.*, 289.

The sole question then presented by this appeal is—Was John Glenn at the time he applied for letters of administration a creditor of the estate of John O. Reid, deceased, within the meaning of section 30, of Article 93 of the Code which provides, "that if there be no relations, administration shall be granted to the largest creditor applying for the same." The contention of the appellant is based upon the fact, that by a decree of the Chancery Court of Richmond, Virginia, an assessment had been levied on the stock of the National Express and Transportation Company, of which John O.

Reid had been a member, and that the said Glenn, as trustee, had been authorized by the decree to collect it; that as said trustee he had brought suit and obtained two judgments aggregating $23,000 against A. Robinson White, the administrator of said estate. We cannot perceive how this contention can be maintained, because the record shows that Glenn was not a creditor of the estate of John O. Reid in his individual capacity, and if at all, only in his fiduciary relation as trustee of the National Express and Transportation Company. And we are of opinion, that as trustee, he was not such a creditor, in contemplation of section 30, of Article 93 of the Code, as entitled him to letters of administration under said section.

The order of the Orphans' Court of Baltimore City dated the 12th day of November, 1890, appealed from will therefore be affirmed.

*First appeal dismissed, and the order from which the second appeal was taken, affirmed.*

(Decided 30th April, 1891.)