JACK M. WILSON *v.* STATE OF MARYLAND

[No. 898, September Term, 1973.]

*Decided June 13, 1974.*

558

The cause was argued before ORTH, C. J., and POWERS and MOORE, JJ.

*Benjamin Lipsitz,* with whom was *Eleanor Jean Lipsitz* on the brief, for appellant.

*Harry A. E. Taylor, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City,* and *Ford Loker, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, C. J., delivered the opinion of the Court.

The ultimate issue in this case is whether JACK M. WILSON is to be tried in the Criminal Court of Baltimore or in the District Court of Maryland on charges of drunken driving. The resolution of the issue turns on whether he is entitled to a trial by jury. Whether he is entitled to a trial by jury depends upon the punishment to which he is subject upon conviction.

I

Code, Art. 66½, § 11-902 declares it to be unlawful for any person to drive or attempt to drive or to be in actual physical control of any vehicle within this State while:

1) he is in an intoxicated condition, subsection (a); or
2) his driving ability is impaired by the consumption of alcohol, subsection (b); or
3) he is under the influence of any narcotic drug or under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle, subsection (c).

Wilson was alleged to have violated subsections (a) and (b) on 11 May 1973. On that date summonses were issued charging him with "driving while intoxicated" (#1040998), "driving while ability is impaired" (#1040999), and "negligent driving" (#1041000). The offenses charged were

misdemeanors. Code, Art. 66½, § 17-101 (a). The District Court of Maryland has exclusive original jurisdiction in a criminal case in which a person at least 16 years old is charged with violation of the traffic laws, or in which a person at least 18 years old is charged with the commission of a common law or statutory misdemeanor, Courts and Judicial Proceedings Article (Courts Art.) § 4-301 (1), and concurrent jurisdiction with the circuit court [1] in a criminal case in which the penalty may be confinement for 3 years or more or a fine of $2500 or more, Courts Art. § 4-302 (c). "The District Court is deprived of jurisdiction", however, "if a defendant is entitled to and demands a jury trial at any time prior to trial in the District Court." Courts Art. § 4-302 (d) (1). When the summonses came on for trial in the District Court on 8 August 1973, Wilson prayed a jury trial. The action was transmitted to the Criminal Court of Baltimore. On 27 September 1973 the State's Attorney for Baltimore City filed a criminal information in that court, charging that Wilson violated Code, Art. 66½, § 11-902. Maryland Rule 708. The information contained six counts. The first three counts related to subsection (a) of § 11-902, and charged that Wilson drove a motor vehicle "while in an intoxicated condition, to a degree which renders him incapable of safely driving a vehicle" (1st count), that he attempted to so drive while in such condition (2nd count), and that he had "actual physical control of a motor vehicle" while in such condition (3rd count). The other three counts related to subsection (b) and charged that he drove a motor vehicle "while his ability was impaired by the consumption of alcohol, to a degree which renders him incapable of safely driving a vehicle (4th count), that he did attempt to so drive while in such condition (5th count), and that he had "actual physical control of a motor vehicle" while in such condition (6th count). On 10 December 1973 the information came on for

---

1. " 'Circuit court' when used with respect to a criminal case means the circuit court for a county or the Criminal Court of Baltimore." Courts Art. § 4-101 (b). Maryland District Rule 702 b also defines it: " 'Circuit court' means the court of general jurisdiction to which an action originating in the District Court may be transmitted for jury trial or appealed and includes the Criminal Court of Baltimore."

trial. Wilson moved to dismiss it. The motion was denied after hearing. Wilson appealed.

## II

The motion to dismiss the information was bottomed on the claim that the Criminal Court of Baltimore does not have jurisdiction over the misdemeanors charged, exclusive original jurisdiction being in the District Court. We set out Wilson's reasoning. "A defendant may demand a jury trial in a criminal case [2] if the penalty for the offense with which he is charged permits imprisonment for a period in excess of three months; . . . ." Courts Art. § 4-302 (d) (2).[3] At the time he demanded a jury trial he believed the penalty as authorized by Code, Art. 66½, § 17-101 upon conviction of certain of the offenses with which he was charged, to be in excess of 3 months. A further perusal of the statute, however, caused him to conclude that the penalty permitted is not more than 2 months imprisonment or a fine of $500 or both. Therefore, he is not entitled to a trial by jury, his demand for a jury trial was void, and the District Court was not thereby divested of jurisdiction. He contends that the case must be sent back to the District Court for trial. We do not agree. We find that the permissible penalty upon conviction of violating Code, Art. 66½, § 11-902 (a) is in excess of 3 months.

## III

We think that the punishment permitted to be imposed upon every person who is convicted of a first violation of any of the three offenses proscribed by Code, Art. 66½, § 11-902 (a) is imprisonment for not more than 1 year or by fine of not more than $1000 or both fine and imprisonment. We believe this to be the intent of Code, Art. 66½, § 17-101. We

---

2. " 'Criminal case' means a case within the jurisdiction of the District Court and includes a case charging a violation of motor vehicle or traffic laws and a case charging a violation of a law, rule, or regulation if a fine or imprisonment may be imposed." Courts Art. § 4-101 (c).

3. Subsection (d) (2) continues: " . . . the state may not demand a jury trial." See *Smith v. State*, 17 Md. App. 217.

find that the statute as in effect for the period 5 July 1971 [4] to 30 June 1973 and as effective on and after 1 July 1974 expressly so provides. We find that the statute as effective for the period 1 July 1973 to 30 June 1974 implicitly so provides. It is an alleged conflict in the penalty provisions of the statute as amended by Acts 1973, ch. 207, effective 1 July 1973 and which will be the law until 1 July 1974, the effective date of Acts 1974, ch. 30, on which Wilson predicates his argument. As indicated, we see no conflict, finding the Legislative intent to be clear. It is necessary to trace the history of the penalty statute to explain why we reach this conclusion.

Chapter 534, Acts 1970, repealed Art. 66$^1$/$_2$ and enacted a new Art. 66$^1$/$_2$ in lieu thereof, effective 1 January 1971. As amended by chapters 423 and 471, Acts 1971, § 17-101 read, as of 5 July 1971:

"(a) It is a misdemeanor for any person to violate any of the provisions of this article unless the violation is by this article or other law of this State declared to be a felony.

(b) Every person convicted of a misdemeanor for a violation of any of the provisions of Subtitles 10, 11, 12, 13 or 14 for which another penalty is not provided shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment for not more than 2 months or by both fine and imprisonment; except that:

(i) Every person who is convicted of violation of § 6-303 or of subsection (a) of . § 11-902 shall be punished by imprisonment for not more than one (1) year or by fine of not more than one thousand dollars ($1,000.00) or by both fine and imprisonment.

On a second or subsequent conviction he may be punished by imprisonment for not more than two

---

4. See Acts 1971, ch. 423, effective 5 July 1971, and ch. 471, effective 1 July 1971.

(2) years, and in the discretion of the court, a fine of not more than one thousand dollars ($1,000.00).

(ii) Every person who is convicted of a violation of subsection (b) of § 11-902 shall be punished by a fine of not more than five hundred dollars ($500.00). On a second or subsequent conviction he may be punished by imprisonment for not more than one (1) year, and in the discretion of the court, a fine of not more than five hundred dollars ($500.00).

(c) Unless another penalty is in this article or by the laws of this State provided, every person convicted of a misdemeanor for the violation of any other provision of this article shall be punished by a fine of not more than $500 or by imprisonment for not more than 2 months, or by both fine and imprisonment."

There is no ambiguity or conflict in the provisions of this statute. The punishments upon conviction for violation of the three subsections of § 11-902 are expressly provided, thus excluding them from the general penalty provisions declared in subsection (b) as explicit exceptions in paragraphs (i) and (ii):

1) for a first conviction of driving, attempting to drive, or being in actual physical control of any vehicle while in an intoxicated condition, § 11-902 (a) — not more than 1 year or not more than $1000 or both, § 17-101 (b) (i);

2) for a second or subsequent conviction of such offenses — not more than 2 years, and, in the discretion of the court, not more than $1000, § 17-101 (b) (i);

3) for a first conviction of driving, attempting to drive, or being in actual physical control of any motor vehicle while driving ability is impaired by the consumption of alcohol, § 11-902 (b) — not more than $500, § 17-101 (b) (ii);

4) for a second or subsequent conviction of such offenses — not more than 1 year, and, in the

discretion of the court, not more than $500, § 17-101 (b) (ii);

5) for a conviction of driving, attempting to drive, or being in actual physical control of any vehicle while under the influence of any narcotic drug, or any other drug to a degree which renders the accused incapable of safely driving a vehicle, § 11-902 (c) — not more than 2 months or not more than $500, or both, § 17-101 (b).

It is patent that subsection (c) of § 17-101 does not apply to § 11-902.

The alleged confusion arose with the amendments made by ch. 207, Acts 1973, effective 1 July 1973. The 1973 amendments rewrote the first paragraph in subsection (b), added § 11-904 in the first sentence of paragraph (i) of that subsection, rewrote paragraph (ii), added paragraphs (iii) and (iv) and eliminated former subsection (c). Section 17-101 then read:

(a) It is a misdemeanor for any person to violate any of the provisions of this article unless the violation is by this article or other law of this State declared to be a felony.

(b) Every person convicted of a misdemeanor for the violation of any provision of this article shall be punished by a fine of not more than $500, except that:

(i) Every person who is convicted of violation of § 6-303, § 11-904 or of subsection (a) of § 11-902 shall be punished by imprisonment for not more than one (1) year or by fine of not more than one thousand dollars ($1,000.00) or both fine and imprisonment.

On a second or subsequent conviction he may be punished by imprisonment for not more than two (2) years, and in the discretion of the court, a fine of not more than one thousand dollars ($1,000.00).

(ii) Every person who is convicted of a second or subsequent violation of subsection (b) of § 11-902 may be punished by imprisonment for not more than one (1) year, and in the discretion of the court, a fine of not more than five hundred dollars ($500.00).

(iii) Every person who is convicted of a violation of any of the provisions of § 4-102, § 4-103, § 4-104, § 4-107, § 4-110, § 5-401, § 6-301, § 6-301.1, § 10-102, § 10-108, or § 11-206 or § 11-902 of this article shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment for not more than 2 months or by both fine and imprisonment.

(iv) If a different penalty for the violation of any provision of this article is provided for in this article or in any other law of this State, the specific penalty shall prevail over the penalty provided for in this section."

With respect to § 11-902 it prescribed punishments as follows:

1) for a first conviction of driving, attempting to drive, or being in actual physical control of any vehicle while in an intoxicated condition, § 11-902 (a) — not more than 1 year or not more than $1000 or both, § 17-101 (b) (i);

2) for a second or subsequent conviction of such offenses — not more than 2 years, and, in the discretion of the court, not more than $1000, § 17-101 (b) (i);

3) for a second or subsequent conviction of driving, or attempting to drive, or being in actual physical control of any vehicle while driving ability is impaired by the consumption of alcohol, § 11-902 (b) — not more than 1 year and, in the discretion of the court, not more than $500, § 17-101 (b) (ii);

4) for a conviction "of any of the provisions of . . . §

11-902 . . . " — not more than 2 months or not more than $500 or both, § 17-101 (b) (iii).

We shall discuss the statute as amended in 1973 in the light of the law as in effect prior thereto and as will be in effect by the amendments in 1974.

Acts 1974, ch. 30, approved 12 March 1974, effective 1 July 1974, repealed subsection (b) of § 17-101 and re-enacted it with amendments. It made no change in the first paragraph of subsection (b), and stylistic changes only in paragraph (i). It designated former paragraph (ii) as paragraph (iii). It designated former paragraph (iii) as paragraph (ii), made stylistic changes, and, significantly, inserted "(b)" after the reference to § 11-902. Paragraph (iv) remained unchanged. Thus, as effective 1 July 1974, the punishments provided by § 17-101 with reference to § 11-902 are:

1) for a first conviction of driving, attempting to drive, or being in actual physical control of any vehicle while in an intoxicated condition, § 11-902 (a) — not more than 1 year or not more than $1000 or both, § 17-101 (b) (i);

2) for a second or subsequent conviction of such offenses — not more than 2 years and, in the discretion of the court, not more than $1000, § 17-101 (b) (i);

3) for a first conviction of driving, attempting to drive, or being in actual physical control of any vehicle while driving ability is impaired by the consumption of alcohol, § 11-902 (b) — not more than 2 months or not more than $500 or both, § 17-101 (ii);

4) for a second or subsequent conviction of such offenses — not more than 1 year, and, in the discretion of the court, not more than $500, § 17-101 (b) (iii);

5) for a conviction of driving, attempting to drive, or being in actual physical control of any vehicle while under the influence of any narcotic drug, or any other drug to a degree

which renders the accused incapable of safely driving a vehicle, § 11-902 (c) — not more than $500, § 17-101 (b).

As we are aware of no different penalty for the violation of the provisions of § 11-902 (a) and (b) in Art. 66¹/₂ or in any other law of Maryland, § 17-101 (b) (iv) is not applicable.

We are persuaded from the history of § 17-101 that when the Legislature enacted the amendments in 1973 it never meant to depart from the penalty upon conviction of a first violation of the provisions of § 11-902 (a) as explicitly declared theretofore and thereafter. In fact, that same punishment was also expressly stated in the 1973 Act, and we are convinced that the apparently conflicting provision that appeared in paragraph (iii) was simply a drafting error. We believe what happened to be patent. In referring to § 11-902 in paragraph (iii) the designation of paragraph "(b)" was inadvertently omitted. We find this obvious, not only on the face of § 17-101, which provided a specific penalty for a second or subsequent violation of § 11-902 (b), but no specific penalty for a first violation, and which, as enacted, contained two general penalties, one at the beginning of subsection (b) for violation of any provision of Art. 66¹/₂, and another in paragraph (iii) of subsection (b) for violation of any provision of § 11-902, in addition to the specific penalties for violation of § 11-902 (a), but also from the prompt remedial action of the Legislature in 1974. The cardinal rule in statutory construction is to effectuate the real and actual intention of the Legislature. *State v. Gibson,* 4 Md. App. 236, 247-248. It is, of course, proper for the courts, in construing a statute of doubtful meaning and application, to consider the consequences of a proposed construction, so that results that are unreasonable or inconsistent with common sense would be avoided, whenever possible. *Height v. State,* 225 Md. 251, 259. It is a relevant inquiry whether the Legislature intended such a result as urged by Wilson. Although it is generally true that the Legislature is intended to mean what is plainly expressed in the language of the statute, *Slagle v. State,* 243 Md. 435, it is also true, as stated in *Maguire v. State,* 192 Md. 615, 623,

that "Adherence to the meaning of words does not require or permit isolation of words from their context . . . [since] the meaning of the plainest words in a statute may be controlled by the context." Thus, in order to ascertain the legislative intent where, as here, the exact reach or breadth of the statute lies in doubt, we must construe it as a whole, considering all parts together, with the legislative intention gathered from the entire statute, rather than from only one part thereof. See *Shub v. Simpson,* 196 Md. 177; *Powell v. State,* 179 Md. 399; *Clark v. State,* 2 Md. App. 756. It is applying these guides that we reach the inevitable conclusion that under Art. 66$^1$/$_2$, § 17-101, as enacted by Acts 1970, ch. 534, and as amended by Acts 1971, ch. 423 and 471, by Acts 1973, ch. 207, and by Acts 1974, ch. 30, the punishment for violation of Art. 66$^1$/$_2$, § 11-902 (a) is imprisonment for not more than one year and a fine of not more than $1000 or both fine and imprisonment. Therefore, Wilson was entitled to a trial by jury. His demand for a jury trial divested the District Court of jurisdiction and vested it in the Criminal Court of Baltimore. Wilson may be properly tried in the Criminal Court of Baltimore.

## IV

Wilson raised the issue of jurisdiction below by moving to dismiss the information. The motion was not appropriate as going to each and every count. Maryland Rule 708, applicable to the circuit courts in the counties and the Criminal Court of Baltimore provides: "A person charged with the commission of a misdemeanor, before indictment by the grand jury, may be prosecuted upon an information filed by the State's Attorney." Under the rules of procedure applicable to the District Court a "charging document" includes an information. M.D.R. 702 a. M.D.R. 706 c 5 prescribes: "When a criminal information has been filed by the State's attorney, a warrant for the arrest of each defendant named therein shall be issued by the court. . . . A copy of the criminal information shall be attached to each copy of the arrest or summons." Thus, it is clear that an accused may be tried on a criminal information in both a

circuit court, including the Criminal Court of Baltimore, and the District Court.

As we have indicated, violations of Code, Art. $66^{1}/_{2}$, § 11-902 are within the exclusive original jurisdiction of the District Court, although that Court may be divested of jurisdiction, as here, by the demand of the accused for a trial by jury. Then the offenses of which he is charged by the charging document filed in the District Court come under the jurisdiction of the circuit court. In the instant case, however, the charging documents filed in the District Court, issued by a law enforcement officer, which apparently were "citations", see M.D.R. 706 c 4, but were entitled "Maryland Uniform Complaint and Summons", charged only two of the offenses proscribed by Code, Art. $66^{1}/_{2}$, § 11-902, namely, "driving while intoxicated", and "driving while ability is impaired." [5] The information was not filed until the action had been removed to the Criminal Court of Baltimore. The result was that, as far as the subsequent information was concerned, it was only with respect to the two offenses charged in the District Court in violation of § 11-902 that the District Court was divested of jurisdiction because Wilson requested a jury trial only as to those offenses. What we are saying is that the 1st count, charging driving while intoxicated and the 4th count, charging driving while ability is impaired, were properly before the Criminal Court of Baltimore, but that the 2nd, 3rd, 5th and 6th counts, charging, respectively, attempting to drive while intoxicated, being in physical control of a vehicle while intoxicated, attempting to drive while ability is impaired and being in physical control of a vehicle while ability impaired, were not. Those offenses had never been charged in the District Court, Wilson had never demanded a jury trial as to them, and, therefore, the original exclusive jurisdiction of the District Court as to them remained intact.[6] The short of it is that, in the circumstances, Wilson

**5.** The offense charged by the third citation, "negligent driving", was not included in the information filed.

**6.** Had the State's Attorney filed the information in the District Court *before* Wilson demanded a jury trial, all six offenses would have been properly before the Criminal Court of Baltimore upon his demand.

could only be tried in the Criminal Court of Baltimore on the two offenses for which he was charged in the District Court.

The motion to dismiss the information as a whole was properly denied because counts one and four were properly before the trial court. Had the motion to dismiss been directed to counts two, three, five, and six, it would have been proper to grant it as to those counts, because the trial court had no jurisdiction to try them. A motion for appropriate relief would have presented the question of the jurisdiction of the trial court over the offenses charged in counts one and four. See Maryland Rules 725 a and 725 b.

## V

A motion to dismiss the appeal and argument in support thereof was included in the State's brief; Wilson presented argument in opposition to the motion in a reply brief. Maryland Rule 1036 d. The State claims that the appeal was not allowed by law because the order denying the motion to dismiss the indictment was interlocutory. Maryland Rule 1035 b 1. It points out that challenges to the jurisdiction of the trial court in criminal causes have been reviewed by the appellate courts of this State after a conviction and not before trial on the merits. It cites *Barnes v. State,* 186 Md. 287; *Green v. State,* 113 Md. 451; *Danner v. State,* 89 Md. 220; *Biscoe v. State,* 68 Md. 294; *Rayner v. State,* 52 Md. 368; *Waldrop v. State,* 12 Md. App. 371; *McDonald v. State,* 10 Md. App. 258; *Hammond and Couser v. State,* 7 Md. App. 588; *Regle v. State,* 9 Md. App. 346; *Harris v. State,* 6 Md. App. 7. It observes that there is nothing in *Raimondi v. State,* 8 Md. App. 468, and its companion cases, to the contrary, and that its view is supported by *Neal v. State,* 20 Md. App. 20, now pending on certiorari before the Court of Appeals.

Wilson distinguishes the cases cited by the State, except *Rayner,* in that they involved discretionary bases for a motion to dismiss a criminal charge. He urges that there is no exercise of discretion in the determination whether under statutory law and rules of procedure the Criminal Court of

Baltimore had jurisdiction. He relies on language in *Rayner*, but *Rayner* speaks in the frame of reference of a judgment rendered upon trial on the merits and is not apposite.

The question whether this appeal is properly before us is not answered by Maryland Rule 1085. Under that Rule, and comparable Rule 885 applicable to the Court of Appeals, the question of jurisdiction of the lower court, even though not tried and decided below and neither briefed nor argued, may be raised by the appellate court, *sua sponte*, in an appeal properly before it, as an exception to the general rule established by Rules 1085 and 885. *State v. McCray*, 267 Md. 111, 126. Here the question of jurisdiction was tried and decided below and the issue is not whether it may be considered by this Court in an appeal properly before it, which it could certainly do, but whether this Court may entertain the appeal itself. We are constrained to conclude that the order denying the motion to dismiss was interlocutory and, therefore, the appeal therefrom was premature and must be dismissed.

Although we dismiss the appeal, we have, to serve the ends of justice, announced our views on the merits of the question sought to be determined, deeming it necessary and desirable to provide guidance for the trial courts. We note that the dismissal of the appeal has exactly the same effect as would a determination of the question on the merits resulting in our affirmance of the order denying the motion to dismiss the information with respect to the first and fourth counts. In either event, trial may proceed in the Criminal Court of Baltimore on counts one and four.

What we have done is not entirely without precedent. See *Housing Equity Corp. v. Joyce*, 265 Md. 570, 579; *Madden v. Clouser*, 262 Md. 144.

*Appeal dismissed; costs to be paid by appellant.*
*Mandate to issue forthwith.*