THE MAYOR AND ALDERMEN OF THE CITY OF ANNAPOLIS *v.* LOUIS H. HARTGE, JOEL S. MEISEL and BARRY S. COHEN, T/A SEVERN RIVER YACHT CLUB

[No. 454, September Term, 1977.]

*Decided February 9, 1978.*

The cause was argued before THOMPSON, MOORE and COUCH, JJ.

*Richard G. Anderson, Assistant City Attorney for Annapolis,* with whom was *Eugene M. Lerner, City Attorney,* on the brief, for appellant.

*Wayne T. Kosmerl,* with whom were *Bennett Crain, Jr.,* and *Hartman & Crain* on the brief, for appellees.

THOMPSON, J., delivered the opinion of the Court.

The Mayor and Aldermen of the City of Annapolis, a municipal corporation, appeal from an order of the Circuit Court for Anne Arundel County, directing the Board of License Commissioners of Annapolis to issue a liquor license to Louis H. Hartge, Joel S. Meisel and Barry S. Cohen, t/a Severn River Yacht Club, the appellees.[1] In their brief the appellees move to dismiss the appeal pursuant to *Md. Code,* Art. 2B, § 175 (b) which is quoted hereinafter in note 4. As the appellant is not one of those authorized to appeal, we are without jurisdiction in the case and therefore grant the motion.

In order to put the appellant's argument in focus, we review the history of the case. The order for appeal to the Circuit Court for Anne Arundel County was filed by the appellees on August 9, 1976, and the record of the proceedings before the Board was received by the court on September 7, 1976. A motion to extend the time in which to hear and decide the appeal was filed on September 27, 1976 and on the same day the court filed an order dated September 24, 1976,[2] extending the time for the hearing and deciding of the appeal for 90 days from the date of the order. The case was heard by Judge Nat W. Hopper on December 20, 1976,

---

1. Md. Code, Art. 2B, § 152 provides: "In Annapolis, the mayor, *counsellor* and aldermen of the City of Annapolis, shall constitute the board of license commissioners for said city. The board of license commissioners of Anne Arundel County shall have no jurisdiction in the City of Annapolis." (Emphasis added). We do not regard the slight difference between the appellant and the Board of License Commissioners of Annapolis as significant.

2. Apparently the order had been previously signed by the judge.

at which time a further order was passed extending the time for the filing of a final order until January 25, 1977. On January 17, 1977, Judge E. Mackall Childs passed a Memorandum Opinion and order dismissing the appeal because of a lack of further jurisdiction. Subsequently, on January 26, 1977, Judge Childs signed an order rescinding his previous order of January 17, 1977, and amending the original order of court of September 24, 1976, *nunc pro tunc,* to provide for an extension of time in which the appeal was to be heard and decided through June 1, 1977.[3] No further action was taken in the case until Judge Hopper filed his Memorandum Opinion and order on May 20, 1977, reversing the action of the Board of License Commissioners of Annapolis and directing the Board to issue the license.[4]

---

**3.** The court apparently acted under principles discussed in Owen v. Freeman, 279 Md. 241, 367 A. 2d 1245 (1977), but we make no determination as to the correctness of the order. *See* Suburban Development Corp. v. Perryman, 281 Md. 168, 377 A. 2d 1164 (1977) note 1.

**4.** The pertinent provisions relating to appeals from the Board are set out in Md. Code, Art. 2B, § 175:

"(a) *Generally.*—The decision of the board of license commissioners * * * in approving, suspending, revoking and restricting, or refusing to approve, suspend, revoke or restrict any license, or licensee, shall be subject to appeal in the following manner:

"(b) *Who may appeal.* — Any licensee or applicant for a license, or any group of not less than ten persons who are residents or real estate owners in the precinct or voting district in which the licensed place of business is located or proposed to be located, may appeal therefrom to the circuit court of the county, or in the city to the Baltimore City Court, upon payment of all costs incident to the hearing before the local board or local licensing official.

\* \* \*

"(e) *Scope of appeal.* —

\* \* \*

"(2) In such actions of appeal the local board or the local licensing official involved may be represented by some qualified attorney designated for such service by said board or official.

"(3) The failure of the court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the court for good cause shown.

"(4) (i) If the court reverses the action of the local board it shall file with the papers a written statement of the reasons. The court may modify, as well

Appellant contends that under *Md. Code,* Art. 2B, § 175 (e) (3) (quoted in note 4), the trial court had lost its jurisdiction to decide the case. It relies on *Scherr v. Braun,* 211 Md. 553, 128 A. 2d 388 (1957) and *Pearce v. Board of Liquor License Commissioners,* 228 Md. 515, 180 A. 2d 651 (1962), both of which interpreted the section in question. We do not reach the issue because in our view we have no jurisdiction to order the Circuit Court for Anne Arundel County to take any action in the instant case because no proper appeal is before us.

The appellant argues that it has a right of appeal under Art. 2B, § 175 (e) (2) (also quoted in note 4), which specifically authorizes the Liquor Board to participate in appeals from the Board's decision. This argument is completely answered by the language of the Court of Appeals in *Liquor License Board v. Leone,* 249 Md. 263, 239 A. 2d 82 (1968), in which the Court held that a liquor license board had no right to appeal from a decision of the trial court and specifically pointed to this section as supporting its holding saying:

> "[T]his conclusion is strengthened by the grant of authority in subsection (e) (2) authorizing the Board to be represented in the hearing in the lower court. Had the legislature intended to permit the Board to appeal from a reversal of its own decision, we are convinced it would have said so." *Id.* at 269.

The appellant further argues that under Md. Rule 1085 we have jurisdiction to determine that the trial court had no

---

as affirm or reverse, the action of the local board. Costs shall be awarded as in other civil cases.

\* \* \*

"(f) *Finality of appeal.* — The decision of the [circuit] court thus given shall be final and effective at once. No further appeal shall lie nor shall there be any other remedy by which the local board's decision may be reviewed in court, either by way of mandamus, injunction, certiorari or otherwise. However, if any judge of the circuit court of any county, or the Baltimore City Court, shall in any case finally decide a point of law at variance with any decision previously rendered by any other judge of the State on the same question, an appeal may be taken from the decision rendered to the Court of Special Appeals. Any such appeal shall not stay the action of the lower court. The Court of Special Appeals shall only decide the question of law involved in such an appeal and shall not pass upon any question of fact."

jurisdiction.[5] In support of its position the appellant cites
*State v. McCray,* 267 Md. 111, 126, 297 A. 2d 265 (1972); *Moore
v. State,* 15 Md. App. 396, 291 A. 2d 73 (1972), *cert. denied,*
266 Md. 740; *Wilson v. State,* 21 Md. App. 557, 321 A. 2d 549
(1974); *Staley v. Staley,* 25 Md. App. 99, 335 A. 2d 114 (1975),
*cert. denied,* 275 Md. 755. We have examined the cases and
in each of them the appellant had standing to maintain the
appeal. The Court in *Liquor License Board v. Leone, supra,*
cited *Board of Medical Examiners v. Steward,* 203 Md. 574,
580, 102 A. 2d 248 (1954), which in turn cites a number of
Maryland cases to support the proposition that appellate
courts have jurisdiction where the trial court exceeded its
jurisdiction. Although we may have jurisdiction to examine
whether the Circuit Court had jurisdiction in certain
situations, the instant appeal still must be dismissed because
the appellant lacks standing. *See Kreatchman v. Ramsburg,*
224 Md. 209, 167 A. 2d 345 (1961); *In Re Buckler Trusts,* 144
Md. 424, 125 A. 177 (1924); *Glenn v. Reid,* 74 Md. 238, 24 A.
155 (1891). We have no more power to order the Circuit Court
for Anne Arundel County to take action in the case than we
would if no appeal had been filed. *See also* our opinion in
*Wilson v. State, supra:*

> "The question whether this appeal is properly
> before us is not answered by Maryland Rule 1085.
> Under that Rule, and comparable Rule 885
> applicable to the Court of Appeals, the question of
> jurisdiction of the lower court, even though not tried
> and decided below and neither briefed nor argued,
> may be raised by the appellate court, *sua sponte, in
> an appeal properly before it,* as an exception to the

5. The rule reads as follows: "This Court will not ordinarily decide any
point or question which does not plainly appear by the record to have been
tried and decided by the lower court; but where a point or question of law
was presented to the lower court and a decision of such point or question
of law by this Court is necessary or desirable for the guidance of the lower
court or to avoid the expense and delay of another appeal to this Court, such
point or question of law may be decided by this Court even though not decided
by the lower court. Where jurisdiction cannot be conferred on the Court by
waiver or consent of the parties, a question as to the jurisdiction of the lower
court may be raised and decided in this Court whether or not raised and
decided in the lower court."

general rule established by Rules 1085 and 885. *State v. McCray,* 267 Md. 111, 126. Here the question of jurisdiction was tried and decided below and the issue is not whether it may be considered by this Court in an appeal properly before it, which it could certainly do, but whether this Court may entertain the appeal itself. We are constrained to conclude that the order denying the motion to dismiss was interlocutory and, therefore, the appeal therefrom was premature and must be dismissed." (Emphasis added). *Id.* at 571.

In *Montgomery County v. One Park North,* 275 Md. 193, 338 A. 2d 892 (1975), the Court dismissed an appeal because the appellant lacked standing. Without discussion of the present problem, the Court nevertheless vacated an order of the trial court because the administrative agency lacked jurisdiction. Less than one year later, however, the Court fully discussed the present problem in connection with a case in which this Court lacked jurisdiction saying:

"We recognize that both this Court and the Court of Special Appeals have previously utilized Rules 871 and 1071 respectively in issuing a mandate on the merits of a case where there was no appealable order and hence no jurisdiction in the appellate court. *Dackman v. Dackman,* 252 Md. 331, 336, 250 A. 2d 60 (1969); *Beckward v. Hensel,* 20 Md. App. 544, 556, 316 A. 2d 309, *rev'd on other grounds,* 273 Md. 426, 330 A. 2d 196 (1974); *Stitzel v. Kurz,* 18 Md. App. 525, 540, 308 A. 2d 430, *cert. denied,* 269 Md. 755, 761 (1973). And see with respect to Rule 885, *Blocher v. Harlow, supra,* 268 Md. at 585. However, in none of these cases was there any discussion of Rules 871 or 1071 or of the jurisdictional problems involved. In fact, in each of the above cases invoking Rule 871 or Rule 1071, the opinion dealt with the issue in a one-sentence assertion that the rule was applicable. In light of this, the precedential value of *Dackman v. Dackman, supra,* is diminished. To the extent that

the above-cited cases support an assumption of appellate jurisdiction in the absence of an appealable order, they are disapproved." *Eastgate Associates v. Apper,* 276 Md. 698, 703, 350 A. 2d 661 (1976).

The appellant argues strenuously that the dismissal of its appeal would result in an absurd situation by permitting trial courts to ignore legislative will and prior decisions of appellate courts. Our answer is that we will face that question when it is before us. We repeat we have no more right to review the action of the Circuit Court for Anne Arundel County in the present case than we would have had if no appeal had been filed. The right to appeal is statutory, not constitutional, except in limited situations not here present. *See Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 331 A. 2d 55 (1975) and *Baltimore County v. Churchill, Ltd.,* 271 Md. 1, 313 A. 2d 829 (1974), *appeal dismissed,* 417 U. S. 902.

> *Appeal dismissed.*
> *Appellant to pay the costs.*