547 A.2d 1065

**EDGEWATER PARTNERSHIP**

v.

**HARFORD COUNTY, Maryland, et al.**

**No. 1641, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

Sept. 30, 1988.

Dwight E. Thomey, Elkton, for appellant.

William D. Hooper, Jr. (Lentz, Hooper, Jacobs & Blevins, P.A., on the brief), Bel Air, for appellees.

Argued before WILNER and BISHOP, JJ., and GETTY (JAMES S.), Associate Judge of the Court of Special Appeals (retired), specially assigned.

BISHOP, Judge.

Edgewater Partnership (Edgewater) appeals from an Order of the Circuit Court for Harford County which affirmed the decision of the Harford County Council, sitting as the Board of Appeals, which allowed appellee Hanson Partnership (Hanson), to build an Integrated Community Shopping Center near the intersection of U.S. Route 40 and Md. Route 152 in Edgewood, Maryland. Edgewater raises a number of questions, none of which we reach because of our ultimate disposition.

## FACTS

In order for Hanson to build an Integrated Community Shopping Center (ICSC) on 23 acres of land it owns in Harford County, a special exception must be obtained from

the Board of Appeals. § 25–7(b)(2)(c) [§ 267–43B(3) ].[1] Hanson made application for a special exception to the Planning and Zoning Department, § A274–1B, and the Board of Appeals designated a Hearing Examiner to conduct public hearings on the proposed exception. § 25–3.3(c) [§ 267–9C]. The events that followed are set out briefly in the chronology below:

| DATE | ACTION TAKEN |
|---|---|
| June 19, 1985 through February 26, 1986 | Ten public hearings conducted by Hearing Examiner. See § 25–3.3(c)(e) [§ 267–9C, 9E] and § A274–3. |
| May 21, 1986 | Hearing Examiner recommends that Hanson's request be denied because it "failed to fully comply with Section 25–7.2 [§ 267–45] of the Zoning Code." See 25–3.3(f) [§ 267–9F] and § A274–4B, 4C. |
| May 23, 1986 | Hanson requests final argument before the Board of Appeals. See 25–3.3(g) [§ 267–9G], § A274–5A and § A274–6A. |
| August 12, 1986 | Public hearing on Hanson's request for final argument held before Board of Appeals. See A274–5. Minutes of hearing reflect Board's written decision to remand to Hearing Examiner for further testimony.[2] See § 25–3.3(h) [§ 267–9H]. |
| August 13, 1986 | Notice sent to parties by Secretary of County Council that Board of Appeals decided to remand matter to Hearing Examiner for further testimony. See § A274–5B and G. |

1. In 1986 Harford County recodified the laws contained in the County Code, 1978. Presumably because Hanson's request for a special exemption was made in 1985, the parties and the trial court make reference to the laws as contained in the 1987 Code. For purposes of clarity, we will refer to the former Code sections as well but we will, by bracketed material, refer to the applicable 1976 Code sections where relevant.

2. Appellant contends that the minutes of the County Council meeting are insufficient to satisfy the requirement of § 25–3.3(h) [§ 267–9H] that the decisions of the Board shall be in writing and shall specify findings of fact and conclusions of law. The minutes of the Board, however, reflect that the Board found as a matter of fact that the Hearing Examiner needed to "take into account the requirements suggested by the Department of Planning and Zoning such as tree buffers and conservation efforts." Proceedings of Legislative Session Day Number 86–23 of the Harford County Council, Harford, Maryland. The Board then concluded that due to the insufficiency of the record the matter needed to be remanded for further consideration. See i.d. This satisfied the foregoing requirement.

| | |
|---|---|
| October 8 and 9, 1986 | Hearing Examiner conducts hearings and receives additional testimony and evidence. |
| October 25, 1986 | 15 day deadline expires for Hearing Examiner's supplemental report on the remand hearing. *See* § A274–5B(3)(c). |
| November 11, 1986 | 90 day deadline expires from the conclusion of the hearing before the Council thus rendering Hanson's zoning request automatically denied by operation of Harford County Zoning Ordinance § 20.2(b)(4). |
| December 11, 1986 | Final date for filing appeal to the circuit court on the automatic denial of November 11, 1986. *See* Maryland Rules B4a. |
| December 11, 1986 | Hearing Examiner issues supplemental decision recommending approval of Hanson's application (62 days after hearing on remand). |
| December 29, 1986 | Edgewater requests final argument before Board of Appeals. |
| April 7, 1987 | Public hearing on Edgewater's request held before Board of Appeals. |
| April 14, 1987 | Board of Appeals renders final decision purportedly ratifying and adopting the Hearing Examiner's recommendation. *See* § 25–3.3(h) [§ 267–9H], § 25–7.1(b)(2) [§ 267–B3] and A274–5E and 5F (244 days after the Board's hearing at which the case was remanded to Hearing Examiner by Board of Appeals.) |
| May 13, 1987 | Edgewater files appeal with the Circuit Court for Harford County. *See* A274–6A. |
| October 30, 1987 | Circuit court affirms final decision of Board of Appeals. |

## MERITS

Conspicuous by its absence from either Edgewater's or Hanson's brief is any reference to Harford County Zoning Ordinance § 20.2(b)(4),[3] which provides:

---

**3.** This opinion is a revision of an opinion issued on July 14, 1988. A Motion for Reconsideration of that opinion was granted because the previous opinion was erroneously based on the outdated Harford County Zoning Ordinance § 274–5B(3)(c) (1978). Harford County Zoning Ordinance § 20.2(b)(4) was enacted on April 10, 1979 by the Harford County Council as Bill No. 79–2, approved by the Executive, became law on April 17, 1979, and is recorded in Liber HDC No. 5, Folio 217. A substantially similar version of this ordinance was enacted in 1978 as § 274–5B(3)(c) and it is the 1978 version which appears in the 1986 Harford County Code. For some unexplained reason, the publishers of the Code failed to incorporate the 1979 change and our July 14, 1988 opinion incorporated the erroneous

[I]f the case is *remanded* to the Hearing Examiner for additional testimony and a decision is not rendered by the Board within ninety (90) calendar days from the date of the ... conclusion of the hearing before the Council, then the application shall automatically be considered to have been denied by the Board. The Hearing Examiner shall file his or her supplemental or amended opinion within fifteen (15) calendar days from the conclusion of the hearing on the remand.

Although both parties reproduced relevant sections of the County Code in their briefs, neither brief refers to Zoning Ordinance 20.2(b)(4). Since § 20.2(b)(4) was adopted on April 17, 1979, its provisions are clearly applicable to the case *sub judice.*

■ A reading of 20.2(b)(4) discloses two possible interpretations. The first interpretation, which is more favorable to the appellees, is that the 90 day limitation period, which becomes effective on remand, begins to run from the date that the Board concludes a hearing on the Hearing Examiner's supplemental or amended opinion. The second possible interpretation of the ordinance, which favors the appellant, is that the Board has 90 days from the date of the conclusion of its hearing preceding the remand to render a final decision. On the face of the ordinance, these two possible interpretations are equally plausible and it is only by an analysis of the relevant legislative history involved that the correct meaning can be discerned.

This ordinance, in its earliest form, was introduced on February 6, 1979, in the Harford County Council as Bill No. 79–2 which had as its stated purposes:

[T]o provide for the employment of Hearing Examiners to hear those cases to be heard by the Board of Appeals; to

---

version of the County Code. Despite assertions by the appellees to the contrary, the correct version of the Code does not change our holding in the previous opinion.

provide for the Hearing Examiners to make a decision in zoning appeal and reclassification cases; to provide for final argument before the Board of Appeals or the County Council; to provide for the filing of a transcript; to provide for the payment for the transcript and additional publication fees; to also refer to the Hearing Examiner when such construction would be appropriate, when a Hearing Examiner is employed by the Board of Appeals.

That original bill provided that "if the case is remanded to the Hearing Examiner for additional testimony and a decision is not rendered by the Board within (90) calendar days from the date of the Hearing Examiner's Supplemental or amended opinion then the application shall automatically be considered to have been denied by the Board." This language is clearly adverse to the position of the appellees as it confirms the second interpretation noted above; the 90 days would have expired on March 11, 1987 and the Board's final decision was not rendered until April 14, 1987.

On March 20, 1979, Amendments number 1–36 to Bill No. 79–2 were adopted by the Harford County Council. The stated purpose for those Amendments being to "*speed up* the process for zoning decisions but giv[ing] the applicant sufficient time to proceed." Proceedings of Public Hearing, Harford County Council, March 20, 1979 (statement by Councilman Rahll the sponsor of Bill No. 79–2 and Amendment No. 12 thereto). Amendment 12 of the March 20, 1979 Amendments was adopted by the Council and became the current version of Section 20.2(b)(4).

In reading 20.2(b)(4) so as to give effect to the stated legislative purpose of the March 20, 1979 Amendments, as this Court must do, *Baltimore Building and Construction Trades Council v. Barnes*, 290 Md. 9, 15, 427 A.2d 979 (1981), the only plausible interpretation is that favoring the appellant; the Board has 90 days from the date of the conclusion of its hearing preceding the remand to render a final decision. To adopt the other possible meaning in favor

of the appellee would be to extend the zoning process to some indeterminable future date 90 days beyond the date on which the Board determined, at its leisure, to consider the matter. This extention of the zoning process would be in clear violation of the stated statutory purpose of speeding up the zoning process.

■ Read in light of legislative purpose, that section is dispositive of the case *sub judice*. Both the Hearing Examiner and the Board of Appeals failed to comply with the timing constraints contained therein, thus triggering the automatic denial of the zoning request.[4] Since no appeal was filed to the circuit court, the denial became final on December 11, 1986; therefore, all subsequent actions by the Hearing Examiner, the Board of Appeals, and the Circuit Court were of no effect. Certainly, then, the appeal to this Court was not timely and the Court is free to dismiss under Maryland Rule 1085 which provides that "a question as to the jurisdiction of the lower court may be raised and decided ... whether or not raised and decided in the lower court". *See Annapolis v. Hartge*, 38 Md.App. 629, 382 A.2d 345 (1978); *Wilson v. State*, 21 Md.App. 557, 321 A.2d 549 (1974).

APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.

---

4. As we noted in our chronology, the decision to remand was made on August 12, 1986; under the 90 day requirement the Board was compelled to issue a decision by November 11, 1986; the decision was issued on April 14, 1987. Additionally, the second set of the public hearings conducted by the Hearing Examiner concluded on October 9, 1986, under the 15 day requirement he was compelled to render a recommendation by October 25, 1986; the recommendation was issued on December 11, 1986.