## JOSEPH WALTON INSLEY *v.* STATE OF MARYLAND

[No. 1276, September Term, 1975.]

*Decided June 9, 1976.*

The cause was submitted on briefs to MORTON, POWERS and MASON, JJ.

Submitted by *Charles A. Norris* for appellant.

Submitted by *Francis B. Burch, Attorney General, Deborah K. Handel, Assistant Attorney General, George R. Sparling, State's Attorney for St. Mary's County* and *John F. Slade, III, Assistant State's Attorney for St. Mary's County,* for appellee.

POWERS, J., delivered the opinion of the Court.

Joseph Walton Insley was convicted by a jury in St. Mary's County of driving a vehicle while he was in an

intoxicated condition. He complains in this appeal that the trial judge, Joseph A. Mattingly, erred in declining to instruct the jury that it may consider the lesser crime of driving while his ability to drive was impaired by the consumption of alcohol.

Appellant bases his contention upon the provisions of Code, Art. $66\frac{1}{2}$, § 11-902, read together with § 16-104. Section 11-902 at that time[1] defined different offenses, making it unlawful for any person to drive or to attempt to drive or to be in actual physical control of any vehicle:

    (a)  While he is in an intoxicated condition.

    (b)  While his driving ability is impaired by the consumption of alcohol.

    (c)  While he is under the influence of any narcotic drug.

Section 16-104, in words which appear to be permissive, provides:

> "It shall be sufficient to charge any person with a violation of § 11-901 (reckless and negligent driving) and § 11-902 (driving while intoxicated, impaired or under the influence of drugs) and the court is empowered to make a finding under any subsection of either § 11-901 or § 11-902."

The charging document, a Maryland Uniform Complaint and Citation, issued by a Maryland State Trooper, charged that on Sunday, March 2, 1975, at 8:58 P.M., the defendant did unlawfully violate Article $66\frac{1}{2}$ § 11-902, Subsection (a), by operating a motor vehicle while under the influence of alcohol, at State Route 235, Hollywood, St. Mary's County. See Maryland District Rules 702, 706. Cf. *State v. Dodd*, 17 Md. App. 693, 304 A. 2d 846 (1973).

In the District Court Insley filed a notice exercising his right to trial by jury.[2] The papers were transmitted to the

---

1. Effective 1 July 1975 Subsection (c) was amended, and Subsection (d) was added. We are concerned here only with Subsections (a) and (b).

2. We note that if Insley had been charged with violating both Subsections (a) and (b) of § 11-902, he would have been entitled, under Code,

Circuit Court for St. Mary's County. See *Wilson v. State*, 21 Md. App. 557, 321 A. 2d 549 (1974). At the beginning of the jury trial in the Circuit Court the Assistant State's Attorney moved for and was granted leave to amend the charging document "by striking the words, 'under the influence of alcohol,' and inserting in lieu thereof, 'in an intoxicated condition,' so as to conform to the statutory language."

The sufficiency of the evidence, which included the results of a breathalyzer test showing .26 blood alcohol,[3] was not questioned. Appellant's complaint is that he was not afforded what he deemed to be the tactical advantage of offering the jury the compromise alternative of finding him guilty of driving while his ability was impaired.

We hold that such a choice was not available to Insley. The State charged him with one offense, and only one offense. He was charged with driving a vehicle while he was in an intoxicated condition, specified as being the conduct proscribed by Art. 66$^{1}/_{2}$, § 11-902 (a). The State's choice to proceed on an "all or nothing" basis meant that the State forewent the right to drop down to a lesser charge, should its proof fail to result in a conviction of the greater charge. If this choice involved risk, the risk was on the State, not on the accused.

If an appeal to the jury's intelligence could not result in an acquittal on the charge of driving while in an intoxicated condition, then submission of a lesser charge could serve no purpose but to permit an appeal to the jury's sympathy. Such a purpose is not a valid reason for an instruction. The judge was correct in declining to give the requested instruction.

*Judgment affirmed.*
*Appellant to pay costs.*

---

Courts Art., § 4-302 (e), to a jury trial on both, Thompson v. State, 26 Md. App. 442, 338 A. 2d 441, *cert. granted*, 276 Md. 751 (1975). Had he been charged with violating only Subsection (b), he would not have been entitled to oust the jurisdiction of the District Court by praying a jury trial.

**3.** The trial judge advised the jury of the provisions of Code, Courts Art., § 10-307 that if there was in the defendant's blood at the time of testing 0.15 percent, or more, by weight, of alcohol, it shall be prima facie evidence that the defendant was in an intoxicated condition.