550 A.2d 693

STATE of Maryland

v.

Roland H. CRAMPTON.

No. 126, Sept. Term, 1987.

Court of Appeals of Maryland.

Dec. 2, 1988.

J. Joseph Curran, Jr., Atty. Gen. (Ann E. Singleton, Asst. Atty. Gen., on brief), Baltimore, for appellant.

Laurie I. Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

BLACKWELL, Judge.

The issue here is whether a defendant's demand for the presence of a breathalyzer technician in District Court must be renewed when the case is transferred to the circuit court. We hold that such a demand need not be renewed under Maryland Code (1974, 1984 Repl.Vol., 1986 Cum. Supp.), Courts and Judicial Proceedings Article, § 10–306.[1]

I.

On May 9, 1985, Roland H. Crampton (Crampton) was driving on the Capital Beltway when he crashed into an immobilized car which had its emergency signals flashing. Having failed some "field sobriety tests," he was arrested for driving while intoxicated. A subsequent breathalyzer test indicated that Crampton's blood contained 0.19 percent ethyl alcohol by weight. *See* § 10–307(e) (indicating that a blood content of 0.13 percent or more by weight of alcohol shall be *prima facie* evidence that the defendant was intoxicated).[2]

At the time of Crampton's arrest, the State notified him of the test results and its intent to use them without the

---

**1.** Because the defendant was tried in July of 1986, we refer to the 1986 version of the statute which became effective on July 1. The legislature has since amended this provision; however those changes are not pertinent to the instant discussion. *See* § 10–306.

**2.** This provision has since been amended. *See* § 10–307(e) (indicating that a blood content of 0.10 percent or more by weight of alcohol shall be *prima facie* evidence that the defendant was intoxicated).

testimony of the technician.[3] Crampton made a timely request in the District Court for the production of the technician[4] and for a jury trial. The case was then transferred to the Montgomery County Circuit Court due to the request for a jury trial. *See* Md. Rule 4–301(b). The State did not reissue its original notice. Crampton again requested the production of the technician on July 1, 1986; however this request occurred within ten days of the scheduled trial. The trial court found that the State need not produce the technician because of the untimeliness of the second request.

Crampton was convicted of driving while intoxicated and failing to reduce speed to avoid an accident. The Court of Special Appeals reversed his intoxication conviction, holding that the defendant's first production request was sufficient under the statute. *Crampton v. State*, 71 Md.App. 375,

---

**3.** Crampton received an official copy of the chemical test results immediately after it was administered. That copy included the following paragraph:

> The above named defendant is hereby notified that the results of the chemical test will be presented as evidence at the criminal trial without the presence or testimony of the technician or analyst who performed the test unless the defendant or defense attorney notifies the State's Attorney and the court in writing no later than ten (10) days before trial that the defendant desires the technician or analyst to be present in court.

**4.** His request read as follows:

> The Defendant, Roland Henry Crampton, by and through his/her attorney, Mary Buonanno, Esquire, desires that the technician who administered any breathalyzer or blood alcohol level test, be present and testify at the trial of the Defendant pursuant to the Annotated Code of Maryland, Courts and Judicial Proceedings, § 10–306. The Defendant also desires the presence of any and all persons necessary to prove any other evidentiary matter necessary to the prosecution, including chain of custody. Further the Defendant demands the ampules used as the reactive agent in any breathalyzer test administered to the Defendant be produced pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.[2d] 215.

According to the certificate of service, the request was hand-delivered to the State's Attorney's Office on November 22, 1985. *See* Md. Rule 1–323 ("A certificate of service is *prima facie* proof of service.").

382–83, 525 A.2d 1087, 1091 (1987). We granted certiorari to consider this question.

## II.

The Courts and Judicial Proceedings Article, § 10–306(b) provides that:

(1) Test results [determining the existence of alcohol in the blood or the breath] which comply with the requirements of subsection (a) of this section are admissible as substantive evidence without the presence or testimony of the technician who administered the test. However, if the State decides to offer the test results without the testimony of the technician, it shall, at least 20 days before trial, notify the defendant or his attorney in writing of its intention and deliver to the defendant or his attorney a copy of the test results to be offered.

(2) *If the defendant desires the technician to be present and testify at trial, the defendant shall notify the court and the State in writing no later than 10 days before trial. If such timely and proper notice is given, the test results are inadmissible without the testimony of the technician.*

(3) Failure to give timely and proper notice constitutes a waiver of the defendant's right to the presence and testimony of the technician.

(Emphasis added). Under this provision, the State contends that it need give only one notice to "the defendant or his attorney" of its intent to produce test results without the technician; however the defendant must give notice of his request to produce the technician to *"the court* and the State." Therefore the defendant must, according to the State, notify *each court* before which he appears. *See* Md. Code (1974, 1984 Repl.Vol.), Courts and Judicial Proceedings Art. § 1–101(c) (" 'Court' means the Court of Appeals, Court of Special Appeals, circuit court, and District Court of Maryland, or any of them, unless the context clearly requires a contrary meaning."). Crampton notified the District Court of his demand, but failed to give timely notice to

the circuit court. Thus, contends the State, Crampton waived his right to the presence and testimony of the technician in the circuit court. We disagree.

First, we look to the plain language of the statute. *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628, 632 (1987) ("[W]hat the legislature has written in an effort to achieve a goal is a natural ingredient of analysis to determine that goal."). In writing § 10–306, the legislature only required notice to "the" court, not "each" court. Because the legislature did not thereby create a second notice requirement, the defendant's first notice was satisfactory. *See Sites v. State*, 300 Md. 702, 710, 481 A.2d 192, 196 (1984) ("[I]t is manifest that a plainly worded statute must be construed without forced or subtle interpretations designed to extend or limit the scope of its operation."); *State v. Fabritz*, 276 Md. 416, 421, 348 A.2d 275, 278 (1975), *cert. denied*, 425 U.S. 942, 96 S.Ct. 1680, 48 L.Ed.2d 185 (1976) ("[A] statute should be construed according to the ordinary and natural import of its language, since it is the language of the statute which constitutes the primary source for determining the legislative intent."). Thus Crampton did not waive his rights under § 10–306(b)(3) by making his timely request in the district court alone. *See Moon v. State*, 300 Md. 354, 370, 478 A.2d 695, 703 (1984), *cert. denied sub nom. Maryland v. Moon*, 469 U.S. 1207, 105 S.Ct. 1170, 84 L.Ed.2d 321 (1985) ("It seems to us that § 10–306(b) was designed to subordinate the admissibility of alcohol test results to the timely assertion of the defendant's right of confrontation.").

This interpretation is consistent with the statute's legislative history. *See Kaczorowski*, 309 Md. at 514–15, 525 A.2d at 632–33 (discussing investigation beyond the language of a statute). When the bill creating § 10–306's notice system was proposed, the bill's advocates described its goal in the following manner.

The major purpose of Senate Bill 502 is to reduce the actual time spent in court by a chemical test technician. The procedure now generally requires that two police

officers testify in the case. If the officer (technician) fails to appear, the defense generally raises questions as to the validity of the test and the test results. Many times when the officer who conducts the breathalyzer test is available, he is not called upon as a witness after spending several hours in court. This seems to be an apparent waste of the taxpayers monies and the time of the actual officer that could be used in performing other duties.

Letter from Thomas N. Walker to the Hon. Rosalie S. Abrams (Feb. 16, 1979) (endorsing Senate Bill 502 on behalf of the American Council on Alcoholism—Maryland Inc.); *see also* Maryland Dep't of Transp., Position Paper on Senate Bill 502 (Mar. 6, 1979) (articulating its rationale for supporting the bill); Maryland State Police, Position Paper on Senate Bill 502 (Feb. 21, 1979) (same). By creating the opportunity for a defendant to waive his right of confrontation, the legislature sought to reduce unnecessary time expenditures on the part of police technicians. One notice on the part of the defendant was clearly sufficient to achieve this purpose.

## III.

We recognize that a single-notice system for the defendant may be administratively burdensome for the State's Attorney's Office in § 10–306 cases which are ultimately transferred from the District Court to the circuit court. In District Court, the State will be asked, through the defendant's notice, to have the clerk of the court subpoena the breathalyzer technician. However, when the case is transferred to the circuit court, the State will not receive an additional reminder from the defendant to subpoena that technician.

While the State may prefer the administrative benefit of a two-notice system, the statute simply does not require it. Because the defendant gave timely and proper notice under § 10–306, the test results here were inadmissible without

the testimony of the technician. Their subsequent admission was reversible error.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY MONTGOMERY COUNTY.