553 A.2d 259

**Allen Eugene BECKWITH**

v.

**STATE of Maryland.**

**No. 828, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Feb. 8, 1989.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender on the brief), Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore and Andrew L. Sonner, State's Atty.

for Montgomery County of Rockville, on the brief), for
appellee.

Submitted before WILNER, ALPERT and POLLITT,
JJ.

POLLITT, Judge.

After a bench trial in the Circuit Court for Montgomery
County (Ruben, J.), Allen Eugene Beckwith was convicted
of driving a vehicle while his license was suspended or
revoked (§ 16–303), driving while under the influence of
alcohol (§ 21–902(b)), and failing to drive to the right of
center of the highway (§ 21–301).[1] He was sentenced to
consecutive one-year terms of incarceration for the license
violation and as a second offender for driving while under
the influence. (§ 27–101(f)).

On appeal, Beckwith asserts:

I. That the court erred by denying his motion to suppress
evidence; and

II. That the court erred by convicting him of driving
under the influence of alcohol where he was charged
only with driving while intoxicated.

We see no merit in these arguments and shall affirm the
judgments.

### Facts

On 18 August 1985, Officer Karen Fabi of the Montgom-
ery County Police Department, received a call on her police
radio that "a possible DWI had run another citizen off the
road" and had "pulled into the Kernel Nuthouse parking
lot." She was given a description of what she should find
at that location. Upon arrival at the parking lot, she found
a brown Nova, with Maryland temporary tags, and, as she
shined her lights on the car, two people, the appellant and a
female, both apparently nude, "popped up from the back

---

1. Unless otherwise indicated, all statutory references are to the Trans-
portation Article of the Maryland Annotated Code (1987 Repl.Vol.,
and where applicable, 1988 Supp.).

seat." The officer asked them to get dressed and step out of the vehicle. When they did so, she asked appellant for some identification, which he eventually provided.[2] After some conversation with him, during which the officer observed that appellant had a strong odor of alcohol on his breath and was unsteady on his feet, she told him "not to drive because he was clearly intoxicated." Sometime during this conversation, either Officer Fabi or Officer Bragdon, who had arrived on the scene, had determined via radio that appellant's license to drive had been revoked or suspended. Appellant and his lady friend started walking down the road and the officers left the scene.

A few minutes later, Officer Fabi saw the same vehicle go by her and followed it. She observed the vehicle cross a double-yellow center line on the highway. She stopped the vehicle and found appellant to be the driver. Among her observations of his condition at that time were his antagonistic behavior, watery and bloodshot eyes, unsteadiness on his feet, disheveled clothing, slurred speech, a strong odor of an alcoholic beverage on his breath, incoherency, and that he was unable to recite the alphabet. He was then charged with the offenses aforementioned.

## I

Appellant's first argument, as set forth in his brief, is:

As the record makes clear, all the evidence against Appellant in this case was the direct result of the illegal demand by the officers that Appellant display his license to them when Appellant was not on a public highway. The State's evidence below was the illegal fruit of the poisonous tree.

---

**2.** It is important to note at this point that there was *no testimony,* either from the police officers or from the appellant, of a *demand* that he produce a driver's license. Officer Bragdon *assumed* that one of the officers *asked* appellant for his license, but did not recall doing so himself. Officer Fabi said she *asked* appellant for "some identification." During his testimony, appellant did not mention the subject. Precisely what form of identification was produced is not clear from the record.

■ Citing Transportation Article § 16–112(c),[3] appellant says that since the Kernel Nuthouse parking lot is not a "highway," it was "illegal" for the officers to "demand" that he display his license to them. We agree that the Kernel Nuthouse parking lot is not a "highway." *Walmsley v. State*, 35 Md.App. 148, 370 A.2d 107 (1977). We may, for the purposes of this discussion, agree that under these circumstances the officers had no right to *demand* to see a driver's license. As we have noted previously, however, there is absolutely no evidence in this case that they did so. The undisputed testimony is that the officers *asked* for *identification*, which, under the circumstances, we do not perceive as unreasonable. Because the factual predicate for his argument is absent, the argument must fail. Accordingly, we need not reach the question of whether an unauthorized "demand" to see a driver's license would be a violation of federal constitutional law invoking the exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).[4] We further observe that the officers had probable cause to arrest the appellant for driving while intoxicated. When they did so, it was inevitable that they would then discover, if they did not already know, that his driver's license was suspended or revoked. The trial court did not err in denying the motion to suppress.

## II

Transportation Article § 21–902 includes four violations of the traffic laws. Subsection (a) proscribes driving or

---

**3.** Section 16–112(c) provides: "Each individual driving a motor vehicle on any highway in this State shall display the license to any uniformed police officer who demands it."

**4.** *But see Byrd v. State*, 13 Md.App. 288, 283 A.2d 9 (1971), *cert. denied*, 264 Md. 746 (1972), where we said a request for a driver's license and a registration card is not a protected confrontation within the ambit of the federal Constitution, and *Howell v. State*, 60 Md.App. 463, 466, 483 A.2d 780 (1984), where we said, "The exclusionary rule of *Mapp*, by definition, can reach down to the states only when there is a violation of federal constitutional law."

attempting to drive while intoxicated. Subsection (b) prohibits driving or attempting to drive while under the influence of alcohol. Subsections (c) and (d) deal with driving or attempting to drive while under the influence of drugs, a combination of drugs and alcohol, or any controlled dangerous substances.

The Maryland Uniform Complaint and Citation form, as applied to this charge, lists a series of possible violations. The arresting officer is instructed to circle the appropriate violation. Among the choices are:

34. 21-902 Driving intoxicated & under the influence
35. 21-902(a) Driving intoxicated
36. 21-902(b) Driving under influence of alcohol

The citation issued to appellant shows:

34. 21-902 Driving intoxicated & under the influence
35. 21-902(a) Driving intoxicated
36. 21-902(b) Driving under influence of alcohol

Additionally, appellant was told specifically at the beginning of his trial that he was charged with "driving while intoxicated."

Citing *Insley v. State,* 32 Md.App. 46, 358 A.2d 246 (1976), appellant says it is apparent that the prosecution chose to proceed on an "all or nothing" basis and thus is precluded from now falling back on the lesser charge. The State's response is (1) that Transportation Article § 26-405 authorizes the conviction of the lesser charge, or (2) that the conviction is proper because driving while under the influence of alcohol is a lesser included offense within driving while intoxicated. We think the State is correct, not because of the statute, which is inapposite under the facts of this case, but because of the law of lesser included offenses.

In *Insley v. State, supra,* relied upon by appellant, the issue was whether a defendant charged specifically with violating then Article 66½, § 11-902(a) (driving in an intoxicated condition) was entitled to a jury instruction as to § 11-902(b) (driving while ability impaired by the consumption of alcohol). The evidence, including results of a breath-

alyzer test showing a blood alcohol content of .26, clearly was sufficient to prove intoxication, and the jury convicted him of driving while intoxicated. Appellant's complaint on appeal was that the jury should have been allowed the compromise alternative of finding him guilty of driving while his ability was impaired. This Court held:

> We hold that such a choice was not available to Insley. The State charged him with one offense, and only one offense. He was charged with driving a vehicle while he was in an intoxicated condition, specified as being the conduct proscribed by Art. 66½, § 11–902(a). The State's choice to proceed on an "all or nothing" basis meant that the State forewent the right to drop down to a lesser charge, should its proof fail to result in a conviction of the greater charge. If this choice involved risk, the risk was on the State, not on the accused.

*Id.*, 32 Md.App. at 48, 358 A.2d at 247.

The State attempts to distinguish *Insley* by reliance on Transportation Article § 26–405, which states:

> If a person is charged with a violation of § 21–901.1 of this article ("Reckless and negligent driving") or § 21–902 of this article ("Driving while intoxicated, under the influence of alcohol, or under the influence of a drug, a combination of alcohol and a drug, or a controlled dangerous substance"), the court may find him guilty of any lesser included offense under any subsection of the respective section.

This section is not substantially different from § 16–104, in effect when *Insley* was decided.[5] That section read:

> It shall be sufficient to charge any person with a violation of § 11–901 (reckless and negligent driving) and § 11–902 (driving while intoxicated, impaired or under the

---

**5.** The State cites dicta in *Vonoppenfeld v. State,* 53 Md.App. 462, 454 A.2d 402 (1983), as suggesting there is some substantive difference in § 26–405 and former § 16–104. The *holding* in *Vonoppenfeld* was simply that the District Court had *fundamental jurisdiction* to do what the trial judge did in this case, which is not an issue here.

influence of drugs) and the court is empowered to make a finding under any subsection of either § 11–901 or § 11–902.

By virtue of the statute, there is no doubt that had the State elected to charge appellant with violating § 21–902, the court could have convicted him under any subsection thereof. *Swinson v. State*, 71 Md.App. 661, 527 A.2d 56 (1987), *Crampton v. State*, 71 Md.App. 375, 525 A.2d 1087 (1987), *aff'd sub nom. State v. Crampton*, 314 Md. 265, 550 A.2d 693 (1988). The State, however, chose to charge appellant specifically with violating § 21–902(a), driving while intoxicated. The statute, therefore, specifically does not apply.

Disregarding § 26–405, we look to the common law. In *Johnson v. State*, 38 Md.App. 100, 379 A.2d 436 (1977), *cert. denied*, 282 Md. 734 (1978), this Court said:

> The clear weight of authority is that conviction of a necessarily included lesser offense is permissible under a document charging a greater offense. The rule is thus stated in 2 Wharton's Criminal Procedure, § 292, at 127 (12th ed. Torcia 1975):
>
> "§ 292. *Lesser and included offenses.*
>
> At common law and under typical statutes, when an indictment or information charges an offense which includes within it a lesser offense, or an offense of a lower degree of the same general class, the accused may be convicted of such lesser offense. An offense qualifies as a lesser-included offense only if the elements of the included offense are fewer in number than the elements of the greater offense, and only if the greater offense cannot be committed without also committing the lesser offense."

*Id.* 38 Md.App. at 109, 379 A.2d at 440.

Applying this test, driving while under the influence of alcohol in violation of § 21–902(b) is a lesser included offense within driving while intoxicated, in violation of § 21–902(a). One cannot be intoxicated without also being

under the influence of alcohol, but one can be under the influence of alcohol without being intoxicated. On the other hand, violations of § 21–902(c) and (d) are not lesser included offenses within § 21–902(a). Subsections (c) and (d) involve drugs or other controlled dangerous substances, which are not elements of subsection (a), while subsection (a) requires that the person be intoxicated, not a necessary element of either subsection (c) or (d).

In *Insley,* the evidence did not support an instruction on the lesser included offense, just as in *Battle v. State,* 65 Md.App. 38, 499 A.2d 200 (1985), *cert. denied,* 305 Md. 243, 503 A.2d 252 (1986), the evidence did not support an instruction on simple robbery *without* the use of a deadly weapon, where it was uncontradicted that what appeared to be a dangerous weapon was used. The Court noted, however, that "an accused may be convicted of common law robbery although he was charged only with 'armed robbery' under appropriate factual circumstances." *Id.* 65 Md.App. at 39, 499 A.2d at 203, n. 1. Similarly, while murder in the second degree and manslaughter are lesser included offenses in first degree murder, it is not necessary to instruct on those offenses if the evidence does not support such verdicts. *Blackwell v. State,* 278 Md. 466, 365 A.2d 545 (1976). Yet it is well settled that under a charging document alleging first degree murder, the fact finder may return any one of several verdicts, including murder in the second degree and manslaughter. Gilbert & Moylan, *Maryland Criminal Law, Practice and Procedure,* § 1.12 (1983).

We hold, therefore, that when one is charged with violating § 21–902, that person may be convicted of violating subsections (a), (b), (c) or (d). This is by virtue of § 26–405. When one is charged with violating § 21–902(a), that person may be convicted of violating either subsection (a) or, if supported by the evidence, subsection (b), but may not be convicted of violating subsections (c) or (d). This is by virtue of the common law of lesser included offenses. Any language to the contrary in *Insley v. State, supra,* is disapproved. Of course, if one is charged only with violat-

ing subsection (b), that person can be convicted only of that charge.

JUDGMENTS AFFIRMED; APPELLANT TO PAY COSTS.