578 A.2d 220

**Allen E. BECKWITH**

v.

**STATE of Maryland.**

**No. 45 Sept. Term, 1989.**

Court of Appeals of Maryland.

Aug. 31, 1990.

Michael R. Malloy, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued Before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and BLACKWELL,* Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

ELDRIDGE, Judge.

The petitioner, Allen E. Beckwith, was charged by Maryland Uniform Complaint and Citation forms with three motor vehicle offenses occurring in Montgomery County on August 18, 1985. One Complaint and Citation form charged him with driving while his license was cancelled, revoked, suspended or refused; another form charged him with

---

* BLACKWELL, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

failure to keep to the right of center, and a third form charged him with driving while intoxicated. The Uniform Complaint and Citation form charging him with driving while intoxicated read in pertinent part as follows:

"DID UNLAWFULLY VIOLATE: <u>CIRCLE VIOLATION BELOW: (ONE VIOLATION ONLY)</u>

\* \* \*

```
"33) 21-901.1(b)  Negligent Driving
 34) 21-902       Driving Intoxicated & Under
                  the Influence
 35) 21-902(a)    Driving Intoxicated
 36) 21-902(b)    Driving Under Influence of
                  Alcohol
 37) 21-1102      Unsafe Backing of Motor Van"
```

The case was transferred from the District Court of Maryland to the Circuit Court for Montgomery County pursuant to Maryland Code (1974, 1989 Repl.Vol.), § 4–302(e) of the Courts and Judicial Proceedings Article.

After the presentation of evidence at a nonjury trial in the circuit court, Beckwith filed a motion for judgment of acquittal. In the course of argument on the motion, Beckwith's counsel urged that the Uniform Complaint and Citation form charging the defendant with driving while intoxicated in violation of Code (1977, 1987 Repl.Vol.), § 21–902(a) of the Transportation Article, was limited to the charge of driving while intoxicated and did not include the lesser charge of driving while under the influence in violation of § 21–902(b) of the Transportation Article. Beckwith's counsel argued that the evidence was insufficient to convict the defendant of driving while intoxicated, and, because the charging document did not encompass the lesser charge of driving while under the influence, the defendant must be acquitted.

The circuit court rejected the defense argument concerning the scope of the charging document and convicted Beckwith of the lesser charge of driving while under the influence of alcohol. Beckwith was also convicted of driv-

ing while his license was suspended and of failing to keep to the right of center. Following the denial of a motion for a new trial, Beckwith was sentenced to a term of one year imprisonment for driving while his license was suspended and a consecutive one year term of imprisonment, as a subsequent offender, for driving while under the influence of alcohol. The circuit court suspended the imposition of a fine for failing to keep to the right of center. Thereafter, the Court of Special Appeals affirmed the judgments. *Beckwith v. State,* 78 Md.App. 358, 553 A.2d 259 (1989).

Beckwith then filed in this Court a petition for a writ of certiorari, raising the following question: "Did the trial court err by convicting petitioner of driving under the influence of alcohol where the police officer had charged him only with driving while intoxicated." We granted the petition and shall reverse the conviction for driving while under the influence of alcohol.

In *Hagans v. State,* 316 Md. 429, 433, 559 A.2d 792, 793–794 (1989), this Court held that, "as a matter of Maryland common law, a defendant ordinarily can be convicted of an offense which is not charged but which is a lesser included offense of one that is charged." The same common law rule is embodied in § 26–405 of the Transportation Article with respect to certain enumerated offenses.[1] Furthermore, this Court has taken the position that driving while under the influence of alcohol, in violation of § 21–902(b) of the Transportation Article, is a lesser included offense of driving while intoxicated in violation of § 21–902(a) of the Transportation Article. *Kleberg v. State,* 318 Md. 411, 413, 568 A.2d 1123 (1990). *See Fisher v. State,*

---

1. Section 26–405 states as follows:

"*§ 26–405. Lesser included offenses under §§ 21–901.1 and 21–902.*
"If a person is charged with a violation of § 21–901.1. of this article ('Reckless and negligent driving') or § 21–902 of this article ('Driving while intoxicated, under the influence of alcohol, or under the influence of a drug, a combination of alcohol and a drug, or a controlled dangerous substance'), the court may find him guilty of any lesser included offense under any subsection of the respective section."

305 Md. 357, 368–369, 504 A.2d 626 (1986).  Consequently, if one were simply charged with driving while intoxicated, and the charging document made no other reference to § 21–902 offenses, he could be convicted of the lesser included charge of driving while under the influence of alcohol.

Nevertheless, we recognized in *Hagans v. State, supra,* 316 Md. at 448–455, 559 A.2d at 801–804, several exceptions to the rule that a defendant, charged with a greater offense, could be convicted of an uncharged lesser included offense.  One exception is where the charging document is drawn in a way that indicates an intent to exclude the lesser included charge.  *Hagans,* 316 Md. at 455, 559 A.2d at 804.  *See Insley v. State,* 32 Md.App. 46, 48, 358 A.2d 246, 247 (1976) (defendant charged with driving while intoxicated, and the court held that the State drew the charging document so as "to proceed on an 'all or nothing' basis ... [and] that the State forewent the right to drop down to a lesser charge, should its proof fail to result in a conviction of the greater charge").

The present case, in our view, falls within the exception recognized in the *Hagans* and *Insley* opinions.  The Maryland Uniform Complaint and Citation form charging Beckwith with intoxicated driving stated, in large print with italics and every letter capitalized, that the charged violation would be circled and that *"ONE VIOLATION ONLY"* would be charged and circled.  The form went on to list 46 violations.  Obviously a defendant would reasonably assume that those not circled were not being charged in that particular charging document.  Numbers 34–36 were as follows:

```
"34)  21-902      Driving Intoxicated & Under
                  the Influence
 35)  21-902(a)   Driving Intoxicated
 36)  21-902(b)   Driving Under Influence of
                  Alcohol"
```

If the police officer had intended to charge the greater offense of driving while intoxicated so as to embrace the lesser offense of driving while under the influence, number 34 specifically covered that situation. The police officer, however, did not circle number 34. Instead, number 35, charging only the greater offense of driving while intoxicated, was circled, as well as underscored. Under these circumstances, a reasonable defendant would conclude that he was being charged with the greater offense and only the greater offense.

The charging document expressly and clearly showed how the greater offense of driving while intoxicated was to be charged so that it would include the lesser offense of driving while under the influence. The defendant was not charged in this manner. Instead, the State charged the defendant with driving while intoxicated in a way which clearly appeared to exclude the lesser charge.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE CONVICTION OF DRIVING WHILE UNDER THE INFLUENCE OF ALCOHOL. COSTS IN THIS COURT TO BE PAID BY MONTGOMERY COUNTY. COSTS IN THE COURT OF SPECIAL APPEALS TO BE EQUALLY DIVIDED BETWEEN THE PETITIONER AND MONTGOMERY COUNTY.